DAVID R. DE WOLF, Respondent, *v.* THE CAPITAL CITY INSURANCE COMPANY, Appellant.

*Construction of a policy insuring one "as interest may appear"— The policy and claim thereunder may be assigned after a loss — Insurance effected by mortgagee — right of company to subrogation — Evidence.*

A policy was issued by the defendant, by which it insured, according to the conditions thereof, "Van Tuyl & Co., as interest may appear, to the amount of $2,500 on two houses." The houses stood on leased ground, the lease being then owned by Gilbert & Co., who had given to Van Tuyl & Co. a mortgage thereon for $2,500. An action on the policy was defended on the ground of an alleged breach of a condition, requiring that where one procured a policy, otherwise than as sole owner, that fact should be stated; and of a further condition requiring that when the building stood on leased ground it should be so stated.

*Held,* that by the words "as interest may appear," the company insured Van Tuyl & Co. for any insurable interest which they might have in the insured property, and waived the conditions requiring a specific statement of such interest in the policy.

That the fact that the mortgage covered sufficient property, after the fire, to pay the debt, furnished no defense to the company; it was the property and not the debt that was insured.

That Van Tuyl & Co. could, after the loss, assign the policy and their claim under it, without assigning the mortgage.

It is not error to overrule a question, as to whether or not there are any indorsements on a paper in evidence and before the jury.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court at the Kings County Circuit.

On the 21st day of April, 1875, the appellants issued a policy, by which they, " in consideration of the sum of *thirty-seven* 50-100 dollars do insure, according to the conditions of this policy, against loss or damage by fire, *Van Tuyl & Co., as interest may appear*, to the amount of *twenty-five hundred* dollars on *brick buildings Nos.* 526 *and* 528 *Water street, running through and being Nos.* 273 *and* 275 *Cherry street, city of New York. Other insurance permitted, etc. Occupied for the manufactory of foundry facings.*" All of the above that is in italics is the written portion of the policy. The buildings were destroyed by fire December 13, 1875. On June 7, 1876, Van Tuyl & Co. assigned their claim under said policy, by reason of said fire, to the respondent. The buildings stood on leased lands. At the time of the insurance and of the fire, Gilbert & Co., of the city of New York, were the owners of the lease and of the buildings insured, and Van Tuyl & Co. had a mortgage thereon for $2,500, made by said Gilbert & Co., which was unpaid, and Van Tuyl & Co. had an interest, as mortgagees in said buildings, to the amount of $2,500.

*William Barnes,* for the appellant.

*F. E. Dana,* for the respondent.

BARNARD, P. J.:

This is an action upon a policy of insurance. The policy covered two houses made of brick, and situate in Cherry street, in the city of New York. The houses were built upon lease land.

Gilbert & Company owned the lease at the date of the policy, and a firm of Van Tuyl & Company had a mortgage of $2,500 thereon. The policy required that when a person procured a policy otherwise than as sole owner, that fact should be expressed in the policy; also, that if the buildings to be insured stand on leased ground that fact should be expressed in the policy. In case of failure in these respects the policy was to be void. No such expression, in either case, appears in the policy in question. The policy does contain, however, a clause insuring Van Tuyl & Co., " as interest may appear." It is difficult to give any meaning to these words unless they are held to waive the specific statement of interest, as required by the policy. The words state, in effect, that the company will insure the applicants, Van Tuyl & Co., for any insurable interest which they may have in the insured property without stating such interest in the policy specifically. The words must have been inserted for a purpose, and there can be no purpose fairly to be inferred, except that the policy was issued to Van Tuyl & Co., not as owners, but as having an insurable interest in some way other than as owners. It is no defense to the policy that Van Tuyl & Co. assigned the same to plaintiff after the loss. If the defendant is entitled to subrogation of the mortgage, the assignment to plaintiff does not deprive them of that right, and it is well settled that a policy may be assigned after loss when there is no right of subrogation. There is no force in the objection taken by defendant that the mortgage covered sufficient property after the fire to pay the mortgage debt. The buildings were worth $16,000, They were burned down entirely. The plaintiff could look to the insurance company for the amount of the policy. The insurance was an insurance of the property destroyed, and not of the debt secured by the mortgage. (*Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 N. Y., 428; *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 id. 343.)

It was quite immaterial, as to the defendant, whether or not Gilbert & Co. or Van Tuyl & Co. had used the premises as permitted by the lease. If the premises were not used in such manner as to violate the policy, it furnished no defense to the policy. The points for appellant mention other alleged errors. The objection to the jury was too late. The jury were sworn without

objection, and the trial commenced. Soon after the commencement, objection was taken that the jury were not called originally for this case, but for another preceding case which did not come on, and they were sworn, without objection, for the trial of this case. The objection is too late when no injustice is apparent. It is not erroneous to overrule a question calling for the fact, as to whether or not there were any indorsements upon a paper in evidence and before the jury. The jury could see that there was none as well as the witness.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.